IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GRETA MARIE HOSIE, II,                    Civ. No. 06-1495-HO

        Plaintiff,                   ORDER

    v.

UNITED STATES DEPARTMENT OF
THE INTERIOR,

        Defendant.


    Defendant filed a motion to dismiss this action for lack of subject matter jurisdiction and alternative motion for transfer to the United States Court of Federal Claims.  Plaintiff, pro se, denies alleging a claim for breach of contract so as to warrant transfer.  Pl's Response at 4.  Plaintiff alleges and argues that the Department of the Interior violated the Administrative Procedure Act by making an arbitrary and capricious decision not to renew plaintiff's educator employment contract with the Bureau of Indian Affairs.  Notwithstanding the further allegation of the complaint that the agency's decision demonstrates unequal

treatment, complaint at 4-5, plaintiff does not allege or argue that the nonrenewal decision violated any law other than the APA.

The specific remedial scheme required by Congress evinces Congress's intent to forbid a private cause of action or judicial review for decisions not to renew educator employment contracts. 20 U.S.C. § 2012; <u>Volk v. Hobson</u>, 866 F.2d 1398, 1401 (Fed. Cir. 1989) (citing to <u>United States v. Fausto</u>, 484 U.S. 439 (1988); cf. <u>Weber v. Dept. of Veterans Affairs</u>, 521 F.3d 1061, 1067 (9th Cir. 2008) (APA provides no basis for VA physician's Back Pay Act claim because Title 38 of United States Code provides a comprehensive remedial scheme for VA employees). In light of Section 2012, the APA confers no authority to grant relief. 5 U.S.C. § 702.

## Conclusion

Based on the foregoing, defendant's motion to dismiss for lack of jurisdiction [#7] is granted. This action is dismissed.

IT IS SO ORDERED.

DATED this __10th__ day of October, 2008.

                                                s/ Michael R. Hogan
                                        United States District Judge

2 - ORDER